**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KAREN PATTON**, individually, and
on behalf of others similarly situated,

Plaintiff,

vs.

**PPG INDUSTRIES OHIO, INC.**, a
Delaware corporation,

Defendant.

Case No.: 1:26-cv-01275

Judge Charles E. Fleming

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Karen Patton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this action seeking Court-Supervised Notice pursuant to 29 U.S.C. § 216(b) and a Class Action pursuant to Fed. R. Civ. P. 23 against PPG Industries Ohio, Inc. ("Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*., The Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq*. ("OMFWSA"), and Section 34a of Article II of the Ohio Constitution.

Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, therefore the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of her federal claims.

5. This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of Ohio, employs individuals within the State of Ohio, is registered with the Ohio Secretary of State, and maintains its principal place of business in the State of Ohio.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs Hourly Employees in this District, conducts business in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff is an adult resident of Cleveland, Ohio and was employed with Defendant from approximately September 2022 through January 2026. Plaintiff's consent to join form was previously filed in this matter [ECF 1-1].

8. Additional Putative Plaintiffs were or are employed by Defendant as hourly employees ("Hourly Employees") during the past three (3) years and their consent to join forms will also be filed in this case.

9. Defendant is a specialized manufacturer of advanced paint products, coatings,

sealants, varnishes, and adhesives.

10. Defendant's principal place of business is located in Cleveland, Ohio.

11. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

12. Defendant's registered agent for purposes of service is The Prentice-Hall Corporation System, Inc., 1160 Dublin Rd., Suite 400, Columbus, Ohio 43215.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a non-exempt Hourly Employee with the job title of Production Operator.

14. Plaintiff's most recent base hourly rate of pay was $28.03.

15. Defendant paid its Hourly Employees at varying hourly rates.

16. Prior to hiring prospective Hourly Employees, Defendant provided them with a written offer setting forth the job title, the offered rate of pay, and the conditions of their employment.

17. Defendant maintained documents demonstrating the promised hourly wage for each Hourly Employee, including, but not limited to: offer letters, paystubs, and/or other payroll records.

18. On or about September 2022, Plaintiff received an offer from Defendant to work as an Hourly Employee, and she accepted Defendant's offer with the understanding that her base hourly rate would be paid for all hours worked.

19. Plaintiff performed and fulfilled her duties under her agreement with Defendant by carrying out her job responsibilities which included, but were not limited to, the off-the-clock work

described herein.

20. Defendant's Hourly Employee jobs are and were full-time positions that required forty (40) or more hours of work in a workweek.

21. Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked more than forty (40) hours in a workweek.

22. Defendant provided training to Plaintiff and its Hourly Employees on, *inter alia*, how to carry out their day-to-day job responsibilities and Defendant's policies. The training that all of Defendant's Hourly Employees received was substantially, if not entirely, the same.

23. At all relevant times, Defendant controlled Plaintiff's and all other Hourly Employees' work schedules, duties, protocols, applications, assignments, and employment conditions.

**TIME ROUNDING**

24. Generally, employers may record employees' starting or stopping times to the nearest five minutes or to the nearest one-tenth or quarter of an hour. 29 C.F.R. § 785.48(b). The regulations provide these rounding practices may be used presuming the arrangement averages out so the employees are fully compensated for all the time they actually work. *Id*.

25. However, an employer's policy of rounding off is permissible only if the rounding occurs so employees are not disadvantaged over time. 29 C.F.R. § 785.48. Rounding off practices that result in significant discrepancies in recordkeeping or in a failure to compensate employees for time actually worked are improper. *Id*.

26. At all relevant times, Defendant used a computer software system to record its Hourly Employees' daily time punches.

27. Defendant instructed and required Plaintiff and other similarly situated Hourly

Employees to clock in five (5) to ten (10) minutes prior to the start of each shift. During this time, they were trained and required to complete compensable work tasks, including, but not limited to, debriefing with the employee being relieved and receiving updates regarding workflow and related issues.

28. Throughout her employment with Defendant, Plaintiff recorded her time using Defendant's timekeeping system and clocked in before the start of her scheduled shift. Immediately after clocking in, Plaintiff commenced the above-described work duties.

29. At all relevant times, Defendant maintained an unlawful time rounding policy that regularly and systematically rounded Hourly Employee punch-in times to the start of their scheduled shifts, resulting in Hourly Employees, including Plaintiff, being underpaid both straight time and overtime wages.

30. Defendant's policy was and is unlawful because, over time and in the aggregate, Defendant's Hourly Employees, including Plaintiff, did not benefit from the rounding practice and instead lost compensable straight-time and overtime pay due to the unlawful practice. As a result of Defendant's unlawful time rounding policy, Plaintiff and similarly situated Hourly Employees were not compensated for all time worked before the start of their scheduled shifts.

31. In workweeks in which Plaintiff worked forty (40) hours or more, Defendant's rounding policy resulted in an unlawful deprivation of overtime wages required by the FLSA.

32. In workweeks in which Plaintiff worked close enough to forty (40) hours to have worked over forty (40) hours when considering the uncompensated activities discussed herein, Defendant's rounding policy also resulted in unpaid straight-time wages (i.e., overtime gap time).

33. Upon information and belief, Defendant applied these unlawful pay practices to all Hourly Employees in every workweek during the relevant period.

34. Defendant's time-rounding practice was intended to and has systematically underpaid all of Defendant's Hourly Employees, including Plaintiff.

35. Defendant's time-rounding practice did not meet the FLSA requirements of a legal "rounding" practice as described in 29 C.F.R. § 785.48 because the practice did not "average out so that the employees [we]re fully compensated for all the time they actually work[ed]," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they [] actually worked." *Id.*

36. Upon information and belief, the FLSA violations discussed herein were committed against every Hourly Employee in every workweek and resulted in a substantial amount of uncompensated work over the past three (3) years.

37. Defendant knew or should have known that its time-rounding policy and practice violated the FLSA.

38. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**<u>SIMILARLY SITUATED ALLEGATIONS</u>**

39. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former Hourly Employees who work or have worked for Defendant in the United States at any time in the past three (3) years ("Putative Plaintiffs").

40. Plaintiff and Putative Plaintiffs are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, Plaintiff and Putative Plaintiffs were all: (1) classified as non-exempt hourly employees; (2) regularly worked more than forty (40) hours in a workweek;

and (3) were required to perform pre-shift off-the-clock activities, resulting in an underpayment of wages.

41. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of job title or the location at which the Hourly Employee worked.

42. Resolution of this action requires inquiry into common facts and legal issues applicable to all Putative Plaintiffs.

43. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516, *et seq*.

44. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including text message and email, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

45. Upon information and belief, there are hundreds (if not thousands) of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**RULE 23 OHIO STATE LAW CLASS ACTION ALLEGATIONS**

46. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and on behalf of:

> *All current and former Hourly Employees who work or have worked for Defendant at any location in Ohio during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Ohio Class"). Plaintiff reserves the right to amend this definition if necessary.

47. The members of the Rule 23 Ohio Class are so numerous that joinder of all Rule 23 Ohio Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Ohio Class members. Rule 23 Ohio Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

48. There is a well-defined community of interests among Rule 23 Ohio Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Ohio Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the pre-shift time Rule 23 Ohio Class members spent prior to "clocking in" for each shift is compensable;

b. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member regular wages or minimum wage for each non-overtime hour worked;

c. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member overtime compensation for each overtime hour worked; and

d. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating the state laws and wage acts applicable to the members of the Rule 23 Ohio Class.

49. Plaintiff's claims are typical of those of the Rule 23 Ohio Class in that she and all other Rule 23 Ohio Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Ohio Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Ohio Class members.

50. Plaintiff will fully and adequately protect the interests of the Rule 23 Ohio Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Ohio Class.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Ohio Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

52. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

53. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

54. Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 Ohio Class and declaratory relief is appropriate in this case with respect to the Rule 23 Ohio Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

55. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully restated herein.

56. At all times relevant to this action, Defendant was subject to the mandates of the

FLSA, 29 U.S.C. § 201, *et seq*.

57. At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

58. At all times relevant to this action, Plaintiff and the Putative Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

59. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the Putative Plaintiffs to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

60. Plaintiff and other Putative Plaintiffs, by virtue of their job duties and activities actually performed, were all non-exempt employees.

61. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

62. The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

63. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

64. At all relevant times, Defendant maintained a policy and practice of willfully refusing to pay Plaintiff and all Putative Plaintiffs the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

65. As a result of Defendant's willful failure to compensate Plaintiff and the Putative Plaintiffs at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

66. At all relevant times, Defendant maintained an unlawful time-rounding policy that did not comply with 29 C.F.R. § 785.48(b) because the policy did not "average out so that the employees [we]re fully compensated for all the time they actually work," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they have actually worked." *Id.*

67. As a result of Defendant's unlawful policies and practices (including Defendant's rounding policy), Plaintiff and the Putative Plaintiffs were deprived of wages in violation of the FLSA.

68. Defendant's violations of the FLSA were knowing and willful. Defendant could have easily accounted for and properly compensated Plaintiff and the Putative Plaintiffs for all work activities but did not.

69. Plaintiff and all others similarly situated are entitled to recover all unpaid wages, together with an equal amount in liquidated damages, plus interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). These damages include, but are not limited to, compensation owed as a result of Defendant's unlawful rounding practices and failure to calculate overtime using the correct regular rate. The amounts owed are determinable from Defendant's payroll and employment records, which Defendant is required to maintain under 29 U.S.C. § 211(c).

**COUNT II**
**RULE 23 OHIO CLASS ACTION**
**VIOLATIONS OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT (“OMFWSA”), O.R.C. §§ 4111, *et seq*. AND OHIO CONSTITUTION ART. II, § 34a**

70. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

71. At all times relevant to this action, Defendant was subject to the mandates of the OMFWSA, O.R.C. §§ 4111, *et seq*., and Section 34a of Article II of the Ohio Constitution.

72. At all times relevant to this action, Plaintiff and the Rule 23 Ohio Class worked for and were “employees” of Defendant in Ohio and were therefore covered by Section 34a of Article II of the Ohio Constitution and the OMFWSA.

73. At all times relevant to the action, Defendant was an employer covered by Section 34a of Article II of the Ohio Constitution and the overtime and wage mandates of the OMFWSA, O.R.C. § 4111, *et seq.*

74. The OMFWSA provides that employees are entitled to a minimum wage, O.R.C. § 4111.02, as well as “overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, O.R.C. § 4111.03. *See also* Ohio Const. art. II § 34a.

75. At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 Ohio Class members to perform pre-shift work off-the-clock, every shift, and failed to pay these employees the minimum wage and overtime compensation to which they were entitled under Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03, for the work they performed.

76. By failing to pay Plaintiff and members of the Rule 23 Ohio Class the minimum

wage and overtime compensation to which they were entitled for performing the off-the-clock work described herein, Defendant violated Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03.

77. Section 34a of Article of the Ohio Constitution and § 4111.14(A)(3) of the OMFWSA allow an employee who has not been paid minimum wage for all hours worked to bring a civil action to recover "[double] back wages, damages, and the employee's costs and reasonable attorney's fees." O.R.C. § 4111.14(A)(3); *see also* Ohio Const. art. II § 34a.

78. Pursuant to O.R.C. § 4111.10(A), an employer who fails to pay its employees for all overtime wages outlined in O.R.C. § 4111.03 "is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees." O.R.C. § 4111.10(A)

79. Additionally, § 4111.08 of the OMFWSA requires employers to maintain and preserve payroll records, including "the amount paid each pay period to each employee, the hours worked each day and each work week by the employee." O.R.C. § 4111.08.

80. Defendant violated the OMFWSA, O.R.C. § 4111.08, by failing to properly maintain accurate records of all hours Plaintiff and the members of the Rule 23 Ohio Class worked each workday and within each workweek.

81. Defendant's uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

82. As a result, the Rule 23 Ohio Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Ohio Class is entitled to recover double back wages, damages, attorneys' fees plus costs, interest, and other appropriate relief under Section 34a of Article of the Ohio Constitution and the OMFWSA at an amount to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a. An Order authorizing Court Supervised Notice pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former hourly employees who work or have worked for Defendant at any time in the past three years. This list shall include the last known addresses, email addresses, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order certifying this action as a class action (for the Rule 23 Ohio Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Ohio state law claims (Count II);

c. In the event the Defendant seeks to have discovery on the issues of whether the Putative Plaintiffs are similarly situated to Plaintiff, an order tolling the FLSA statute of limitations for the Putative Plaintiffs as of the filing of this Complaint through the end of the *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) discovery period;

d. An Order designating the Plaintiff as representative of the Putative Plaintiffs who join this lawsuit, Rule 23 Ohio Class and undersigned counsel as Class counsel for the same;

e. An Order declaring Defendant's violations of the FLSA were willful;

f. An Order declaring Defendant violated Ohio state law for failing to pay Plaintiff and the Rule 23 Ohio Class the minimum wage and overtime compensation to which they were entitled;

g. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the Putative Plaintiffs who join this lawsuit and the Rule 23 Ohio Class the full amount of damages and penalty damages available by law;

h. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute and an award of a service payment to the named Plaintiff;

i. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

j. An Order awarding such other and further relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: July 29, 2026

Respectfully submitted,

*/s/ Jacob R. Rusch*

Jacob R. Rusch (MN Bar No. 0391892)*
Jason J. Thompson (P47184)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300

*Attorney Admitted Pro Hac Vice

*Attorneys for Plaintiff and the Putative Plaintiffs and Proposed Class Members*